# NO. 12-18-00065-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *DERRECK ROSHAUN MERCHANT,* *APPELLANT* | *§* | *APPEAL FROM THE 159TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | *§* | *ANGELINA COUNTY, TEXAS* |

### *MEMORANDUM OPINION*
### *PER CURIAM*

This appeal is being dismissed for want of jurisdiction. Derreck Roshaun Merchant appeals from his conviction for possession of a controlled substance in a drug free zone. Sentence was imposed on June 28, 2017. Under the rules of appellate procedure, the notice of appeal must be filed within thirty days after the sentence is imposed or within ninety days after sentence is imposed if the defendant timely files a motion for new trial. *See* TEX. R. APP. P. 26.2(a). Because Appellant did not file a motion for new trial, his notice of appeal was due to have been filed no later than July 28, 2017. Appellant filed his notice of appeal on March 21, 2018.

On March 21, 2018, this Court notified Appellant that the information received failed to show the jurisdiction of the Court, i.e., there was no notice of appeal filed within the time allowed by the rules of appellate procedure and no timely motion for an extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.2, 26.3. We informed Appellant that the appeal would be dismissed unless the information was amended on or before April 2 to show this

Court's jurisdiction. In response, Appellant stated that he may need an extension and that he informed the trial court of his appeal.[1]

However, this Court is not authorized to extend the time for perfecting an appeal except as provided by the Texas Rules of Appellate Procedure.[2] *See* TEX. R. APP. P. 26.2, 26.3; *see also Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Accordingly, we *dismiss* Appellant's appeal for *want of jurisdiction*. *See* TEX. R. APP. P. 43.2(f).

Opinion delivered April 4, 2018.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[1] Texas Rule of Appellate Procedure 26.3 provides that a motion to extend the time for filing a notice of appeal must be filed within fifteen days after the deadline for filing the notice of appeal. TEX. R. APP. P. 26.3. Thus, a motion for extension would be untimely at this juncture.

[2] Only the court of criminal appeals has jurisdiction to grant an out-of-time appeal. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991); *see also Kossie v. State*, No. 01-16-00738-CR, 2017 WL 631842, at *1-2 (Tex. App.—Houston [1st Dist.] Feb. 16, 2017, no pet. h.) (mem. op., not designated for publication) (dismissing for lack of jurisdiction because appellant could not pursue out of time appeal without permission from court of criminal appeals); *see* TEX. CODE CRIM. PROC. ANN. art 11.07 § 3(a) (West 2005).



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**APRIL 4, 2018**

**NO. 12-18-00065-CR**

**DERRECK ROSHAUN MERCHANT,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 159th District Court

of Angelina County, Texas (Tr.Ct.No. 2016-0695)

THIS CAUSE came to be heard on the appellate record; and the same being considered, it is the opinion of this Court that this appeal should be dismissed for want of jurisdiction.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*